UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-050-01 (RMU)** |
| | : | |
| **v.** | : | |
| | : | |
| **MELVINA MURPHY,** | : | |
| **Defendant.** | : | |

**MOTION FOR LEAVE TO FILE SENTENCING MEMORANDUM AND MOTION
FOR ADJUSTMENT OF OFFENSE LEVEL PURSUANT TO SECTION 3E1.1.(b)
OF THE UNITED STATES SENTENCING GUIDELINES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to Rule 45(b)(1)(B), for leave to file the attached Memorandum in Aid of Sentencing and Motion for Adjustment of Offense Level Pursuant to Section 3E1.1.(b).

In support of its motion, the government states the following:

Pursuant to this Court's order, any party wishing to submit a memorandum in aid of sentencing must have done so no later than eight business days after the probation officer disclosed the final pre-sentence investigation report (that is, in this case, no later than January 31, 2008). See Standing Order for Criminal Cases (Rev. Jan. 2008) at 9.

Undersigned counsel was transferred to the Criminal Division of the United States Attorney's Office on February 25, 2008, and assigned to this case at that time. Upon review of the file, counsel determined that the government had not filed a memorandum in aid of sentencing or a formal motion for adjustment of offense level pursuant to Section 3E1.1.(b) of the United States Sentencing Commission Guidelines, Policy Statement, and Commentary. Counsel believes that the Court and parties would benefit from a memorandum stating the government's position with respect to sentencing in this case.  Counsel does not anticipate that the memorandum would raise any issues requiring further response from the defense.

Counsel for the government has conferred with Carlos Vanegas, counsel for the defendant, who does not oppose the government's motion.

WHEREFORE, upon good cause shown, the United States respectfully requests that the Court grant the government leave to file the attached Memorandum in Aid of Sentencing and Motion for Adjustment of Offense Level Pursuant to Section 3E1.1.(b).

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney
                D.C. Bar No. 498610


                _____/s/_____
                Renata Kendrick Cooper
                Assistant United States Attorney
                Federal Major Crimes Section
                D.C. Bar No. 424248
                555 Fourth Street, N.W., Room 4241
                Washington, DC 20530
                (202) 307-0031
                renata.cooper@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-050-01 (RMU) |
| | : | |
| v. | : | |
| | : | |
| MELVINA MURPHY, | : | |
| Defendant. | : | |

## ORDER

UPON CONSIDERATION of the government's unopposed Motion for Leave to File Sentencing Memorandum and Motion for Adjustment of Offense Level Pursuant to Section 3E1.1.(b) of the United States Sentencing Guidelines, and for good cause shown, it is, this _____ day of March 2008,

ORDERED that the motion be and hereby is GRANTED; and

FURTHER ORDERED that the Sentencing Memorandum be deemed timely filed.

_____
RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-050-01 (RMU) |
| | : | |
| v. | : | |
| | : | |
| MELVINA MURPHY, | : | |
|     Defendant. | : | |
| _____ | : | NEXT DATE:   March 11, 2008 |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

      The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to a term of imprisonment at the low end of the applicable range recommended by the United States Sentencing Commission, Guidelines Manual (Nov. 2007) ("USSG" or "Guidelines").  In support thereof, the United States respectfully states the following:

**Background**

      1.      A summary of the defendant's actions pertaining to this plea agreement, consistent with the written proffer of evidence accepted by the defendant and filed with the Court on November 15, 2007, is set forth in the "Offense Conduct" section of the Presentence Investigation Report submitted in connection with this case.  See Presentence Investigation Report, revised January 18, 2008 (the "PSR"), at 3-4.  The government incorporates herein the statements regarding the defendant's conduct that are set forth in the proffer and the PSR at paragraphs six through nine.

**Statutory Penalties**

2.      Pursuant to Title 21 of the United States Code, Section 841(b)(1)(B)(iii), the defendant faces a minimum sentence of not less than five years of imprisonment, a maximum sentence of 40 years of imprisonment, and/or a maximum fine of $2,000,000.  See PSR ¶ 48.

**Sentencing Guidelines**

3.      The United States Sentencing Guidelines calculation embodied in the PSR places the defendant's base offense level at 30.  See PSR ¶ 14.

4.      The PSR includes a two-point "specific offense characteristic" decrease based on the fact that the defendant satisfies the five criteria (set forth in USSG § 5C1.2.(a)(1) - (a)(5)) that entitle her to limitation on the applicability of a statutory minimum sentence.  See PSR ¶ 15. Specifically, the defendant does not have more than one criminal history point; the defendant did not use violence, credible threats of violence, or possess a firearm or other dangerous weapon during the commission of the offense; the offense did not result in death or serious bodily injury; the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and the defendant has truthfully provided the government information and evidence concerning the offenses that were part of the same course of the defendant's conduct.

5.      The PSR also correctly affords the defendant a total three-point reduction in her Guidelines calculation for acceptance of responsibility.  See PSR ¶ 21.  That total three-point reduction  was based on a two-point reduction for acceptance of responsibility pursuant to USSG § 3E1.1.(a), plus a one-point reduction in anticipation that the government would file a motion acknowledging the defendant's assistance and timely notification of her intent to enter a plea of guilty.  See PSR ¶ 21.  The government hereby acknowledges, pursuant to USSG §

3E1.1.(b), the defendant's assistance and timely notification, permitting the additional one-level decrease in the defendant's offense level as calculated in the PSR.  As a result, the defendant's total offense level is adjusted to 25.  See PSR ¶ 22.  The PSR calculates the defendant's criminal history score as zero, and the criminal history category as I.  See PSR ¶¶ 25, 49.  Accordingly, based on a total offense level of 25 and a criminal history category of I, the applicable Guidelines range for the defendant is 57 to 71 months of imprisonment.  See PSR ¶ 49.

6.      Moreover, as discussed in greater detail above in paragraph four, the defendant meets the criteria set forth in Title 18 of the U.S. Code, Section 3553(f)(1)-(5).  Consequently, she is eligible for so-called "safety valve treatment" consistent with which the Court "shall impose a sentence in accordance with the applicable guidelines *without regard to any statutory minimum sentence*."  USSG § 5C1.2 (emphasis added).

**Sentencing Recommendation**

7.      The government recommends that the Court sentence the defendant to a period of incarceration of 57 months, at the low end of the Guidelines range.  The government further recommends that the Court impose a three-year period of supervised release.  In addition to the mandatory conditions of supervision, the government recommends that the defendant be ordered to (a) participate in, and successfully complete, a substance abuse treatment program as deemed appropriate by the probation office; and (b) participate in, and successfully complete, a vocational education/job skills program.

8.      When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18 of the United States Code, Section 3553(a).  See

Gall v. United States, __ U.S. __ , 128 S. Ct. 586, 596 (2007) ("Gall"). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4), (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

9. In United States v. Booker, 125 S. Ct. 738 (2005) ("Booker"), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated Section 3553(b)(1) of Title 18 of the United States Code, the statutory provision that made the Guidelines mandatory. See Gall, 128 S. Ct. at 594; Booker, 125 S. Ct. at 756. Nonetheless, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See Gall, 128 S. Ct. at 596 (emphasizing that "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. See United States v. Rita, __ U.S. __, 127 S.Ct. 2456, 2463-65 (2007). See also United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission");

Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (stating that the Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In addition, the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns." Booker, 125 S. Ct. at 766-67 (noting that the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

10.  The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement -- in a fair and uniform way -- the offense-specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in Gall. 128 S. Ct. at 596.

11.  In this case, a sentence within but at the low end of the Guidelines range is appropriate as it reflects consideration of the serious and dangerous criminal conduct in which the defendant engaged, the defendant's lack of any significant criminal history, the defendant's long-term drug addiction that likely contributed to her criminal activity, and the defendant's early acknowledgment of guilt and acceptance of responsibility.

**Conclusion**

WHEREFORE, based upon the above, and the information reflected in the Presentence Investigation Report, the United States respectfully recommends a sentence at the low end of the Guidelines range.

>Respectfully,
>
>JEFFREY A. TAYLOR
>UNITED STATES ATTORNEY
>D.C. Bar No. 498610
>
>
>By:         /s/
>RENATA KENDRICK COOPER
>ASSISTANT UNITED STATES ATTORNEY
>D.C. Bar No. 424248
>United States Attorney's Office
>555 Fourth Street, N.W., Room 4241
>Washington, D.C. 20530
>Phone: (202) 307-0031
>renata.cooper@usdoj.gov